Both questions are proper and not fully covered by the instruction of the court. Even if a venire person promises to follow the instruction, the parties are to choose which persons are most likely to grant a fair trial and the procedure employed here is inadequate for that purpose. There is no record that present counsel would abuse the selection process in qualifying the jury. The state of mind of a venire person is distinctly different than a promise to follow the court's instructions. This procedure was not followed in *Williams v. State*, 558 S.W.2d 671 (Mo.App.1977). In *Williams*, questions were permitted and the court refused to permit answers on matters already covered by the court. The trial court in the present case did not deny questions for that reason because it summarily denied all questions in these areas. In so doing it misapplied *Williams* and foreclosed any determination that a venire person held unyielding views on these matters. The basis of the holding in *Williams* was that counsel did not indicate his questions were directed toward developing whether an individual venire person "entertained unyielding views." The court said, "[n]o question is raised as to any limitation on counsel's individual questioning" *Id.* 674. *Williams* held only that the court could deny answers to questions which were repetitive. Neither of the questions proposed by defendant were repetitive. Neither question relates to a paraphrase statement of the law. For this reason *State v. Smith*, 422 S.W.2d 50, 67–68 (Mo. banc 1967) is inapposite. *Smith* dealt only with personal feelings on the merits of the rules of law contained in MAI–CR 2d 2.20. It did not approve prohibiting a question on the feelings of a venire person on the effect of a defendant who does not offer evidence or whether the case had been prejudged. On the contrary, these questions may evoke answers which may indicate an "unyielding view." In this case no inquiry was allowed for any purpose with the result that the defendant was denied information to which he was entitled in the selection process.

1. Section 569.170 now appears in RSMo 1986.

On all other matters I agree with the view of the majority opinion.

For the reasons expressed, I respectfully dissent.

**STATE of Missouri, Respondent,**

v.

**Paul M. RODRIGUEZ, Appellant.**

**No. WD 38431.**

Missouri Court of Appeals,
Western District.

Jan. 20, 1987.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
March 3, 1987.

Melinda K. Pendergraph, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P.J., and MANFORD and BERREY, JJ.

### ORDER

PER CURIAM:

Direct appeal from a jury conviction for burglary, second degree, in violation of § 569.170, RSMo 1978.[1]

Judgment affirmed. Rule 30.25(b).

